UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIYA SIDOLI,<br><br>            Plaintiff,<br><br>      v.<br><br>YOUTUBE LLC, et al.,<br><br>            Defendants. | Case No.  25-cv-05038-TLT<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>August 26, 2025; 1:30 via videoconference<br><br>Re: Dkt. No. 61 |

Plaintiff Nataliya Sidoli claims Defendants YouTube, LLC, and parent company Google, LLC (together, "YouTube") unfairly and unlawfully targeted her by removing her "yoga art" and "stretching art" channel based on what she claims were false accusations by YouTube of her violating their sex and nudity policy while simultaneously turning a blind eye to, and even promoting, channels impersonating her with far more explicit content.  ECF 33.

Pending before the Court is YouTube's motion to dismiss.  ECF 61.  Plaintiff failed to timely respond. The Court held a hearing on August 26, 2025, with both parties present via videoconference.  ECF 77.

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **GRANTS** YouTube's motion to dismiss.

**I.      PROCEDURAL HISTORY**

On February 25, 2025, Plaintiff filed her original complaint against YouTube in the Southern District of New York, alleging (1) discrimination (Count One); (2) freedom of expression and equal opportunity rights (Count Two); (3) harassment, gaslighting, body shaming, and cyber bullying (Count Three); (4) fabricated false evidence and "falsification of evidence" (Count Four); (5) impersonation, digital identity theft, health damage, and health decline (Count Five); and (6) life, liberty, and the pursuit of happiness (Count Six).  ECF 1 ¶¶ 53–127.  That day,

1    Plaintiff also consented to receive electronic service of documents and provided her email.  ECF 2.

2        On April 28, 2025, YouTube filed a motion to transfer the case to this forum or, in the
3    alternative, dismiss for failure to state a claim.  ECF 26.  On May 8, 2025, Plaintiff filed an
4    amended complaint.  ECF 33.

5        On May 8, 2025, Plaintiff filed the amended complaint, alleging (1) discrimination (Count
6    One); (2) freedom of expression and equal opportunity rights (Count Two); (3) harassment,
7    gaslighting, body shaming, and cyber bullying (Count Three); (4) fabricated false evidence and
8    "falsification of evidence" (Count Four); (5) impersonation, health damage, and health decline
9    (Count Five); and (6) life, liberty, and the pursuit of happiness (Count Six).  ECF 33 (First
10   Amended Complaint, "FAC") ¶¶ 71–105.  The substance of the amended complaint is the same as
11   the original complaint except that Plaintiff adds that YouTube removed her channel at the
12   "request[] of the government of Pakistan" because it is unlawful in Pakistan for a woman to have
13   her face, hands, and feet not covered.  *Id.* ¶¶ 2, 54.  Plaintiff now alleges she "believes she is the
14   only American female artist removed and banned" by YouTube "with full support" by YouTube
15   "for the foreign government Pakistan."  *Id.* ¶ 59.

16       Plaintiff requests compensatory damages of at least $35,000,000; an unspecified number of
17   damages for mental and physical pain and distress; punitive damages; and legal fees and costs.  *Id.*
18   at 117.  Plaintiff also requests that her channel be reinstated, her videos be reinstated on the
19   channel, and that her channel be identified as having one million subscribers.  *Id.*

20       On May 22, 2025, YouTube filed another motion to transfer the case to this forum, or
21   alternatively, dismiss for failure to state a claim, based on the FAC.  ECF 40.  On June 6, 2025,
22   the Southern District of New York transferred the case to this forum based on the forum-selection
23   clause within YouTube's terms of service.  ECF 47.  The transferor court did not rule on the
24   dismissal.  *Id.*  On June 12, 2025, Plaintiff moved for reconsideration of the transfer.  ECF 50.
25   The transferor court denied her request for reconsideration.  ECF 52.  Thereafter, on June 16,
26   2025, the case was transferred to this forum.  ECF 53.  The case was assigned to this Court on July
27   3, 2025.  ECF 59.

28       On July 18, 2025, YouTube filed a motion to dismiss Plaintiff's complaint under Section

2

1   230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), and Federal Rule of Civil
2   Procedure 12(b)(6). ECF 61. YouTube indicated it served Plaintiff by mail. ECF 61-6. YouTube
3   included in its motion to dismiss a declaration from Ariana Marte, a Legal Specialist at YouTube.
4   ECF 61-1. YouTube also attached to its motion to dismiss its terms of service that were effective
5   on March 17, 2021, ECF 61-2, and those that were effective on January 5, 2022, ECF 61-3.
6   Plaintiff's response to the motion to dismiss was due August 1, 2025. Plaintiff did not timely
7   respond and filed a request for an extension on August 4, 2025 (entered August 5, 2025). ECF 64.
8         On August 6, 2025, the Court denied Plaintiff's extension request, instructed her to register
9   on ECF, provided instructions for doing so, and encouraged her to seek free legal assistance from
10  the Legal Help Center with instructions for how to make an appointment via email or phone and
11  for how to access a free handbook for pro se litigants. ECF 64. The Court also ordered Plaintiff
12  to show cause for her untimely response and to file an opposition or statement of non-opposition
13  by August 7, 2025, warning that failure to comply could result in dismissal under Federal Rule of
14  Civil Procedure 41(b). ECF 63. That deadline passed without Plaintiff filing either an opposition
15  to YouTube's motion to dismiss or a response to the Court's order to show cause.

16  **II.   FACTUAL BACKGROUND**

17        On June 21, 2021, Plaintiff, a New York resident, began her YouTube channel to promote
18  "yoga art and stretching art" under the name "Natalia Sense" (i.e. <<natalia sense>>). FAC ¶¶ 1,
19  53. She describes herself as "an artist, visionary, and innovator" who has "inspired many people
20  around the world to improve their flexibility, yoga, and stretching skills" by "inventing hundreds
21  of new stretching sequences and hundreds of new visual design ideas." *Id.* ¶ 3.
22        Plaintiff alleges that in November 2021, YouTube "fabricated a strike" against her channel
23  with the "malicious purpose" or harming her channel performance. *Id.* ¶ 11. Plaintiff claims that
24  YouTube also "fabricated a strike" with the same purpose in March 2022 and that upon Plaintiff
25  appealing this strike, YouTube reinstated her account. *Id.* ¶ 14. Plaintiff alleges YouTube again
26  "fabricated" another strike that May 2022 to decrease her popularity. *Id.* ¶¶ 15, 17. This time,
27  YouTube denied Plaintiff's appeal, asserting her video violated YouTube's sex and nudity policy.
28  *Id.* ¶ 17. Plaintiff alleges that after she hired an attorney to request YouTube remonetize her

3

account in June 2022, YouTube began removing subscribers from her channel. *Id.* ¶ 16.

Plaintiff alleges that in September 2024, YouTube "fabricated" another strike by falsely accusing her of promoting pornography and violating its sex and nudity policy. *Id.* ¶ 19. Plaintiff claims YouTube removed her video and disabled the appeal button for the strike. *Id.* ¶ 20. Plaintiff states that in October 2024, YouTube again cited severe sex and nudity violations in a video she had only posted to her "YouTube studio" and not to her channel. *Id.* ¶ 24. Plaintiff says YouTube again disabled the appeal button. *Id.* ¶ 25.

On November 4, 2024, YouTube removed Plaintiff's channel and, according to Plaintiff, banned her from YouTube for life. *Id.* ¶¶ 5, 6. Plaintiff claims that YouTube "harassed, gaslighted, body shamed and cyber bullied" her by "accusing her that she [wa]s promoting and posting on her channel pornography" and that she "severely violated YouTube's sex and nudity policy." *Id.* ¶¶ 94–95. Plaintiff also alleges YouTube advised her that they removed her content because she violated their sex and nudity policy and informed her the process to appeal. *Id.* at 15. YouTube continued to advise Plaintiff that it removed her channel because it "found severe or repeated violations of [its] sex and nudity policy" and recognized that "this is probably very upsetting news, but it is [their] job to make sure that YouTube is a safe place for all." *Id.*

Plaintiff challenges YouTube for removing her content while permitting and allegedly promoting impersonators' videos that, unlike hers, Plaintiff says, actually contain explicit pornography. *Id.* ¶¶ 98, 99. Specifically, Plaintiff says she repeatedly informed YouTube of accounts impersonating her that she says are much more explicit in comparison to her videos. *Id.* ¶¶ 28, 32, 127. Plaintiff alleges YouTube discriminated against her based on her female art, gender identity, appearance, and age, favoring younger women's more explicit videos. *Id.* ¶¶ 73, 80.

Recently, Plaintiff advised that YouTube removed "all impersonator's channel videos" under key search terms "<<natalia sense>> and <<natalia sense yoga>>." *See* ECF 19 ¶¶ 2, 3.

### III.  LEGAL STANDARD

#### A.  Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a motion to dismiss, a

4

Plaintiffs' "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Courts may dismiss claims that lack "sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted).

The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

**B.     Rule 41(b)**

The Federal Rules of Civil Procedure grant the Court the inherent power sua sponte to dismiss an action for failure to prosecute under Rule 41(b): "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 —operates as an adjudication on the merits."

In *Malone v. United States Postal Serv.*, the Ninth Circuit explained that a district court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *See* 833 F.2d 128, 130 (9th Cir. 1987).

The Ninth Circuit also instructs courts that they must afford the litigant prior notice of an intention to dismiss. *Id*. at 133. Although we construe pleadings liberally in their favor, pro se litigants are nonetheless bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (finding the district court did not abuse its discretion in entering judgment of dismissal where the pro se litigant did not respond to the motion to dismiss); *see also Kyriazis v. Beverly Hills Platinum Realty*, 542 F. App'x 560, 561 (9th Cir. 2013) (holding the district court did not

abuse its discretion in dismissing the action because the pro se litigant failed to oppose the defendants' motion to dismiss, despite notice that the failure to do so could be deemed consent).

## IV. DISCUSSION

YouTube argues Plaintiff's claims must be dismissed because they (1) are barred by Section 230 of the Communications Decency Act; and (2) fail to state a claim. ECF 61 at 5–15.

As an initial matter, the Court finds it need not consider YouTube's exhibits because they are not necessary to resolve the present issues. *See United Safeguard Distributors Ass'n, Inc. v. Safeguard Bus. Sys.*, Inc., 145 F. Supp. 3d 932, 942 (C.D. Cal. 2015) ("[T]he court may deny a request for judicial notice of facts that are not relevant to the question at issue.") (citation omitted).

### A. Section 230 of the Communications Decency Act bars Plaintiff's claims.

YouTube argues that Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), bars Plaintiff's claims because she seeks to hold YouTube liable for exercising editorial judgment in removing her channel while leaving others online. ECF 61 at 5–9.

Under Section 230 of the Communications Decency Act, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The statue provides: "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id*. § 230(e)(3).

To establish "[i]mmunity from liability", the defendant must therefore be "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat . . . as a publisher or speaker (3) of information provided by another information content provider." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (citation omitted). "[C]ourts look beyond the labels given to the claims to determine whether the cause of action inherently requires the court to treat the defendant as the publisher or speaker of content provided by another." *Igbonwa v. Facebook, Inc.*, No. 18-CV-02027-JCS, 2018 WL 4907632, at *6 (N.D. Cal. Oct. 9, 2018), *aff'd* 786 F. App'x 104 (9th Cir. 2019) (citation and internal quotation marks omitted) (dismissing under Section 230 as plaintiff alleged Facebook failed to remove third-party posts).

In sum, "[a]ny activity that can be boiled down to deciding whether to exclude material

1    that third parties seek to post online is perforce immune under [S]ection 230." *Fair Hous. Council*

2    *of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) (en

3    banc). "When a plaintiff cannot allege enough facts to overcome Section 230 immunity, a

4    plaintiff's claims should be dismissed[,]" *Dyroff*, 934 F.3d t 1097 (citation omitted), and "close

5    cases . . . must be resolved in favor of immunity," *Roommates.Com*, 521 F.3d at 1174.

6        Section 230 bars Plaintiff's claims. First, YouTube is interactive computer services. *See,*

7    *e.g.*, *Lancaster v. Alphabet Inc.*, No. 15-cv-05299-HSG, 2016 WL 3648608, at *3 (N.D. Cal. July

8    8, 2016) ("The Court finds . . . that YouTube and Google are 'interactive computer services.'").

9    Plaintiff also seeks to treat YouTube as a publisher because she alleges that YouTube wrongfully

10   demonetized, restricted, and removed her videos. FAC ¶¶ 15, 54, 56. Such conduct falls within a

11   publisher's traditional functions. *See*, *e.g.*, *Ebeid v. Facebook, Inc.*, 2019 WL 2059662, at *5

12   (N.D. Cal. May 9, 2019) (citation omitted) (noting a "decision to remove [a] plaintiff's posts

13   undoubtedly f[ell] under publisher conduct"); *Enhanced Athlete Inc. v. Google LLC*, No. 19-CV-

14   08260-HSG, 2020 WL 4732209 , at *3 (N.D. Cal. Aug. 14, 2020) (finding Section 230 barred

15   certain claims where plaintiff challenged defendant's decision to remove its videos and accounts).

16       Finally, Plaintiff's content constitutes "information provided by another information

17   content provider" under Section 230. *See Riggs v. MySpace, Inc.*, 444 F. App'x 986, 987 (9th Cir.

18   2011) (noting district court properly concluded Section 230 barred liability for defendant deleting

19   plaintiff's profile but not deleting alleged imposter profiles); *see also Ebeid*, 2019 WL 2059662, at

20   *4 (noting that "information provided by another information content provider" includes content

21   "created entirely by individuals or entities other than the interactive computer service provider").

22   In supplemental briefing responding to this Court's questions, YouTube cited authority that which

23   stand for the proposition that Section 230 immunizes internet service providers from suit for

24   termination of a plaintiff's entire channel as well as the content that the plaintiff posts on that

25   channel. ECF 73. Such authority is persuasive. *See Hall v. YouTube, LLC,* No. 24-cv-04071-

26   WHO, 2025 WL 1482007, at * 7 (N.D. Cal. May 5, 2025); *see also Kifle v. YouTube LLC*, No. 21-

27   cv-01752-CRB, 2021 WL 10331555, at *3 (N.D. Cal. Oct. 5, 2021). Thus, any claim Plaintiff

28   brings which seeks to challenge YouTube's decision to remove Plaintiff's YouTube channel is

also barred by Section 230. *Id.*

Plaintiff's claim that the Pakistan government requested her channel's removal also does not change the fact that Section 230 bars her challenges. *Cf. Darnaa, LLC v. Google, Inc.*, No. 15-CV-03221-RMW, 2016 WL 6540452, at *7 (N.D. Cal. Nov. 2, 2016) (noting the statute shields defendants from "all publication decisions, whether to edit, to remove, or to post, with respect to content generated" by third parties) (citation omitted).

Accordingly, the Court GRANTS YouTube's motion to dismiss to the extent it argues Plaintiff's claims are barred by Section 230 because YouTube is an interactive computer service that Plaintiff seeks to hold liable as publishers of third-party content.

### B. Even if Section 230 does not bar Plaintiff's claims, the FAC fails to state a claim on which relief can be granted.

YouTube argues that even if Section 230 does not bar Plaintiff's claims, the FAC fails to state a claim on which relief can be granted. ECF 61 at 9–15.

#### 1. The FAC fails to allege a discrimination claim (Count One).

YouTube argues that the FAC fails to state a claim for discrimination because it does not allege any facts showing YouTube treated Plaintiff differently from similarly situated channels based on a protected characteristic. ECF 61 at 9–10.

The Court cannot discern a legal theory for the discrimination claim as the FAC lacks a supporting legal basis. *See Rivas v. Koenig*, No. 24-CV-00007-JST, 2024 WL 4894295, at *2 (N.D. Cal. Nov. 25, 2024) ("A court may dismiss a complaint for lack of cognizable legal theory or if the facts alleged fail to suffice under a cognizable legal claim.") (citing *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982 (9th Cir. 2017)); *Twombly*, 550 U.S. at 545 ("[The] obligation to provide the grounds of his entitlement to relief requires more than labels[.]") (cleaned up).

The FAC also fails to plausibly allege facts suggesting discrimination. Plaintiff alleges that YouTube removed her channel because of her "physical appearance" and her "age." FAC ¶¶ 78, 80. Plaintiff claims her videos were censored because it is unlawful in Pakistan for a woman to have her face, hands, and feet not covered. *Id.* ¶¶ 2, 59. Plaintiff also alleges that "she is the only American female artist removed" by YouTube "with full support" by YouTube "for the foreign

8

1  government Pakistan." *Id.* ¶ 59. However, the FAC does not allege facts "suggest[ing ] the claim
2  has at least a plausible chance of success.'" *Levitt*, 765 F.3d at 1135 (citations omitted); *see, e.g.*,
3  *Jackson v. Fid. Nat'l Title Co.*, No. 219CV00033KJMKJNPS, 2019 WL 2177651, at *3 (E.D. Cal.
4  May 20, 2019), *report and recommendation adopted*, 2019 WL 3035445 (E.D. Cal. July 11, 2019)
5  (dismissing claim where complaint lacked facts suggesting discrimination under any theory).

6  Accordingly, the Court GRANTS YouTube's motion to dismiss to the extent it argues the
7  FAC fails to raise a cognizable discrimination claim (Count One).

**2.     The FAC fails to state any constitutional claim (Counts Two and Six).**

9  YouTube argues that Plaintiff's constitutional claims must be dismissed because they are
10 insufficiently vague and because YouTube is not a state actor. ECF 61 at 10–11.

11 The Court construes Plaintiff's constitutional claims under 42 U.S.C. § 1983. *See, e.g.*,
12 *Ogando v. Natal*, No. 23-CV-02221-JSC, 2023 WL 8191089, at *4 (N.D. Cal. Nov. 27, 2023)
13 (reading the plaintiff's claims as brought under § 1983 despite not being "explicitly pled" because
14 "§ 1983 is the procedural vehicle by which [the plaintiffs'] constitutional claims must be
15 brought") (citing *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (1992))
16 ("[L]itigant[s] complaining of a violation of constitutional rights must utilize 42 U.S.C. § 1983.").

17 To state a § 1983 claim, plaintiffs must allege that (1) a right secured by the Constitution
18 or laws of the United States was violated, and (2) the alleged violation was committed by a person
19 acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Gritchen*
20 *v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) ("To state a claim under § 1983, the plaintiff must . . .
21 . show that the defendant's actions were taken under color of state law.") (citation omitted).

22 Plaintiff's constitutional claims cannot proceed as YouTube is a private forum, not a state
23 actor. *See, e.g.*, *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1930 (2019)
24 ("[M]erely hosting speech by others is not a traditional, exclusive public function and does not
25 alone transform private entities into state actors subject to First Amendment constraints."); *see*
26 *also Prager Univ. v. Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020) (finding YouTube was not
27 "not a public forum subject to judicial scrutiny under the First Amendment" after considering its
28 "ubiquity and its role as a public-facing platform"); *Children's Health Def. v. Meta Platforms,*

9

*Inc.*, 112 F.4th 742, 763 (9th Cir. 2024) (rejecting the plaintiff's argument that Meta, another internet service provider, becomes "a state actor when it excludes constitutionally protected pornography from Facebook"), *petition for cert. filed*, No. 24-732 (Jan. 13, 2025).

Accordingly, the Court GRANTS YouTube's motion to dismiss to the extent it argues the FAC fails to raise any cognizable constitutional claim (Counts Two and Six).

### 3. The FAC fails to allege harassment and cyberbullying (Count Three).

YouTube argues the FAC lacks facts supporting a plausible harassment or cyberbullying claim. ECF 61 at 11–12.

The FAC identifies no legal basis for harassment and cyberbullying. To the extent Plaintiff relies on California's harassment law, she must allege (1) "a knowing and willful course of conduct" entailing a "pattern" of "a series of acts over a period of time, however short, evidencing a continuity of purpose"; (2) "directed at a specific person"; (3) "which seriously alarms, annoys, or harasses the person"; (4) "which serves no legitimate purpose"; (5) which "would cause a reasonable person to suffer substantial emotional distress" and "actually cause[s] substantial emotional distress to the plaintiff"; and (6) which is not a "[c]onstitutionally protected activity." *Schild v. Rubin*, 232 Cal. App. 3d 755, 762 (1991) (citing Code of Civil Procedure § 527.6). Nevertheless, a harassment claim cannot stand against YouTube, a company. *See, e.g.*, *Huntingdon Life Sci., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc*., 129 Cal. App. 4th 1228, 1258 (2005) (noting claims under § 527.6 only apply to "natural persons") (citation omitted).

Moreover, the FAC raises only conclusory allegations that YouTube "harassed, gaslighted, body shamed and cyber bullied" Plaintiff by "accusing her that she [wa]s promoting and posting on her channel pornography" and violating YouTube's policy. FAC ¶¶ 94–95. YouTube also advised that it removed Plaintiff's channel because it "found severe or repeated violations of [its] sex and nudity policy" and recognized that "this is probably very upsetting news, but it is [their] job to make sure that YouTube is a safe place for all." *Id.* at 15. This is not plausible harassment.

Accordingly, the Court GRANTS YouTube's motion to dismiss to the extent it argues the FAC fails to plausibly allege harassment and cyberbullying (Count Three).

### 4. The FAC fails to allege falsification of evidence (Count Four).

YouTube argues the FAC fails to state any falsification of evidence claim, offering only conclusory allegations without supporting facts. ECF 61 at 13–14.

As Plaintiff again fails to identify a legal basis for this claim, the Court GRANTS YouTube's motion to dismiss to the extent it argues the FAC fails to allege falsification of evidence. *See, e.g.*, *Harris v. Lake Cnty. Sheriff's Dep't*, No. 15-CV-00850-NJV, 2015 WL 6674816, at *3 (N.D. Cal. Nov. 2, 2015) (dismissing claim where complaint stated no legal basis). (Count Four).

### 5. The FAC fails to allege impersonation or identity theft (Count Five).

YouTube argues the FAC lacks facts suggesting it impersonated Plaintiff or is liable for another channel's alleged misuse and cites no legal basis for such a claim. ECF 61 at 14–15.

Under California's civil identity theft law, a "victim of identity theft" can bring an action for against a "claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008) (citing Cal. Civ. Code § 1798.93(a) and (c)). "Claimant" means "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." *Id.* (citing Cal. Civ. Code § 1798.92(a)).

The FAC fails to allege facts suggesting YouTube is a claimant under § 1798.93. The FAC also fails to provide another legal basis for identity theft or impersonation. *See, e.g.*, *Bhd. Mut. Ins. Co. v. Vinkov*, No. EDCV1901821CJCSPX, 2020 WL 2735628, at *3 (C.D. Cal. Jan. 15, 2020) (dismissing claim where the legal basis was "not readily apparent", and court was therefore "unwilling to allow such a vaguely pled claim to advance beyond the pleading stage"). Moreover, Plaintiff previously advised that YouTube has already removed "all impersonator's channel videos" under search terms of <<natalia sense>> and <<natalia sense yoga>>." ECF 19 ¶¶ 2, 3.

Accordingly, the Court GRANTS YouTube's motion to dismiss to the extent it argues the FAC fails to plausibly allege impersonation or identity theft (Count Five).

### C. Alternatively, the Court dismisses the action under Rule 41(b).

Federal Rule of Civil Procedure 41(b) explains: "If the plaintiff fails to prosecute or to

11

comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal for lack of prosecution may be done sua sponte and "must be supported by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted). The Ninth Circuit defers to district courts on unreasonable delay "because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id. Malone* instructs courts to consider five factors for Rule 41(b) dismissal: (1) public interest in the expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) risk of prejudice to the defendants; (4) availability of less drastic sanctions; and (5) public policy favoring disposition on the merits. 833 F.2d at 130.

Following a careful consideration of all five factors, the Courts finds dismissal warranted. The first and second factors favor dismissal. Plaintiff failed to follow the Court's order to (1) file an opposition or a statement of non-opposition to YouTube's motion to dismiss and (2) show cause for her untimely response by August 7, 2025. ECF 63. Instead, on August 7, 2025, Plaintiff mailed the Court a reason for her inability to travel to California for in-person proceedings. ECF 66. However, Plaintiff failed to address the Court's concern regarding the untimely filing of the response to YouTube's motion to dismiss and Plaintiff's response was not filed with this Court until August 8, 2025, one day after Plaintiff was ordered to file her response. ECF 66. Plaintiff's opposition to YouTube's motion to dismiss was similarly filed with the court on August 8, 2025, again, one day after Plaintiff was ordered to file her opposition. ECF 67. The Court takes notice of the fact that, while the case was still in New York, Plaintiff acknowledged she had regular access to her email account, the internet, and a PACER account, and that Plaintiff affirmed she would regularly check for notices of electronic filing or notify the court if she wished to cancel consent to electronic services. ECF 2. Yet, during oral argument on Defendant's motion to dismiss, Plaintiff informed the Court that while she did have access to her email and the internet on and around the date her responsive filings were due, she did not check her email due to her medical status. ECF 77. The Court only learned of this information on August 26, 2025, and Plaintiff's own response indicates a willful disregard for the status of her case. The Court warned that failure to comply with its deadlines could result in dismissal under Federal Rule of Civil

12

1  Procedure 41(b).  *Id.* at 2.  Such non-compliance inherently delays resolution and is to the

2  detriment of the public.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is

3  incumbent upon the Court to manage its docket without being subject to routine noncompliance of

4  litigants[.]"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting noncompliance with

5  court orders diverts "valuable time that [the court] could have devoted to other major . . . cases on

6  its docket").

7  The public interest in expeditious resolution also weighs in favor of dismissal where

8  Plaintiff failed to oppose YouTube's motion to dismiss and where the case first began six months

9  ago in New York on February 25, 2025, ECF 1.  *See Yourish v. California Amplifier*, 191 F.3d

10  983, 990 (9th Cir. 1999) (recognizing a court's need to control its own docket).

11  The third factor, risk of prejudice to the defendant is analyzed as "related to the plaintiff's

12  reason for defaulting . . . ." *Id.* 991 (in the context of failure to timely amend in violation of court

13  order).  A "paltry excuse" for violating a court order can also indicate "sufficient prejudice" to

14  weigh in favor of dismissal.  *Id.* at 992; *see also Malone,* 833 F.2d at 131 (placing "particular

15  reliance on the district court's determination that the plaintiff's excuse for her conduct was

16  groundless" in holding that the prejudice to the government justified dismissal).  This factor may

17  favor dismissal even without demonstrated prejudice when the party repeatedly disobeys court

18  orders.  *See Henderson*, 779 F.2d at 1425 (noting court need not find prejudice "[w]here counsel

19  continues to disregard deadlines, warnings, and schedules set by the district court").  Plaintiff

20  failed to excuse her lack of response to YouTube's motion to dismiss or the order to show cause

21  until August 26, 2025, well after such explanations were due.  ECF 77.  The Court does not

22  comment on the strength of the excuse at this time, but notes that Plaintiff's explanation was

23  untimely and indicated a conscious disregard for the deadlines in her case.  *Id.*

24  The fourth factor, the availability of less drastic sanctions, favors dismissal.  As discussed

25  *supra*, Section 230 of the Communications Decency Act bars Plaintiff's claims, and the FAC

26  independently fails to demonstrate a cognizable claim against YouTube.  Additionally, "a district

27  court's warning to a party that failure to obey the court's order will result in dismissal can satisfy

28  the consideration of [less drastic sanctions] requirement." *Ferdik*, 963 F.2d at 1262 (citation and

13

internal quotation marks omitted).  The Court warned Plaintiff that failure to timely oppose or respond to the Court's show cause order may result in dismissal under Rule 41(b).  ECF 63 at 2.

The fifth factor "favors disposition of the case on the merits," which weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 (citation omitted).

The Court finds four out of five factors weigh in favor of dismissal under Rule 41(b) and thus dismisses the case without leave to amend because doing so would be futile.  *See id.* (finding no abuse of discretion where three factors favored, and two factors weighed against dismissal).

## V. CONCLUSION

For the forgoing reasons, the Court **GRANTS** YouTube's motion to dismiss under Rule 12(b)(6), specifically, Section 230 of the Communications Decency Act bars Plaintiff's claims and the FAC fails to state a claim.

In addition, the Court **GRANTS** the motion pursuant to Rule 41(b) finding Plaintiff failed to prosecute the action, failed to comply with the rules recited above, and failed to comply with a court order.

This Order resolves ECF 61.

The Clerk is ordered to terminate the action and terminate all hearings and deadlines.

**IT IS SO ORDERED.**

Dated: September 2, 2025

TRINA L. THOMPSON
United States District Judge